UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | |
| § | **Case No. 14-CR-194** |
| **RONALD F. KAHN, M.D.,** § | |
| § | |
| **Defendant.** § | |

### UNITED STATES' DISCLOSURE OF EXPERT WITNESS

The United States hereby files this Disclosure of Expert Witness ("Expert Disclosure") pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, and 705. In its case-in-chief, the United States may introduce the testimony of Donna Large, RN, MSN.

Ms. Large, RN, MSN is an employee of Health Integrity, LLC. Health Integrity was the zone program integrity contractor (ZPIC) for Medicare covering providers in Texas during the time period of the Superseding Indictment. Ms. Large works for the victim in this case, Medicare, and therefore, the government may call Ms. Large as a fact witness. In an abundance of caution, however, the government hereby provides notice of Ms. Large's expected testimony.

If she testifies at trial, Ms. Large may testify, based on her training and experience with Medicare's rules and regulations as well as her review of the same, about the following areas:

(1) The facts set forth in paragraphs one through eleven of the Superseding Indictment pertaining to Medicare;

(2) The relevant Medicare claims data at issue in this case including the process by which such claims are submitted, received, and paid;

(3) The role of the physician and other medical practitioners pursuant to Medicare's rules and regulations in the home health context;

(4) The Medicare program generally, as well as how home health services, diagnostic tests, and facet injections are provided, billed and paid for under Medicare;

(5) Typical indicators used by Medicare and its contractors to identify suspected fraud;

(6) The Medicare coverage guidelines for home health services;

(7) The eligibility requirements for a Medicare beneficiary to receive home health services;

(8) The Medicare requirements for, and descriptions of, the diagnostic testing and other medical services purportedly performed at Harris Healthcare;

(9) The Medicare requirements for, and descriptions of, the facet injections purportedly performed on Harris Healthcare patients; and

(10) The Anti-Kickback statute generally, the potential harm of kickbacks in the medical field, and the effect of kickbacks on claims submitted to Medicare.

The United States will provide under separate cover Ms. Large's *curriculum vitae* and Ms. Large's testimony in other federal trials concerning home health services, if available.

While the United States has endeavored to make this disclosure as complete as possible, the United States respectfully requests leave to further supplement this disclosure to address discrete issues that may present themselves in preparing for trial.

Respectfully submitted this July 10, 2017.

        ABE MARTINEZ
        ACTING UNITED STATES ATTORNEY

        By:    /s/ Ashlee Caligone McFarlane
              ASHLEE CALIGONE MCFARLANE
              Assistant Chief
              SCOTT P. ARMSTRONG
              Trial Attorney
              U.S. Department of Justice
              Criminal Division, Fraud Section
              (713) 567-9920
              Ashlee.McFarlane@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by ECF to counsel of record for all defendants on July 10, 2017.

                                  /s/  Ashlee Caligone McFarlane
                                ASHLEE CALIGONE MCFARLANE